IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| GARY MILLER,<br><br>   Plaintiff,<br><br>v.<br><br>ALLIED PILOTS ASSOCIATION,<br><br>   Defendant. | Civil Action No. 4:26-cv-302 |

## CIVIL COMPLAINT

Captain Gary Miller, a member of the Allied Pilots Association ("APA") labor union, brings the following Complaint to prevent the APA from denying him and other similarly situated pilots full access to the APA union member discussion forum, and to protect the right to participate in this forum without fear of threats, intimidation, retaliation, or reprisal.

## PARTIES

1. Captain Gary Miller is a resident of Prosper, Denton County, Texas. He is employed as a Dallas-based Boeing 777 Captain for American Airlines, with over 40 years of experience as a skilled pilot and over 28 years with American Airlines. Captain Miller is a decorated military veteran with five combat tours, and he has been recognized by American Airlines for his excellence in training.

2. Defendant APA is an unincorporated labor union with its principal office located in Fort Worth, Tarrant County, Texas. APA is authorized by federal law as the exclusive bargaining representative (labor union) for the approximately 16,000 pilots employed by American Airlines and has held that authority since approximately 1963.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action is authorized pursuant to federal statute, specifically 29 U.S.C. § 412.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 139l(b)(l) as APA's principal office is located within this District and Division.

5. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the actionable conduct occurred within this District and Division.

6. Venue is also proper in this Court pursuant to 29 U.S.C. § 412 as the actionable conduct occurred in this District and Division, and because APA's principal office is located within this District and Division.

## FACTUAL ALLEGATIONS

7. The Allied Pilots Association is a "labor organization" as defined by the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 402(i). APA is "engaged in an industry affecting commerce" as defined by the LMRDA because it "is the certified representative of employees under the provisions of ... the Railway Labor Act, as amended." 29 U.S.C. § 402(j)(1).

8. APA has a Constitution and Bylaws ("CBL"), the Preamble of which states that its purpose is "to provide the mechanism whereby the collective and individual rights of APA pilots are safeguarded through a formula for sound leadership and, at the same time, retention of control of APA by the membership."

9. Miller has been a member of the APA for 28 years, with such membership being mandatory for the majority of American Airlines pilots.

10. APA maintains and supports a website and an electronic forum system called "The Line" that, according to the APA Policy Manual, "is intended to provide a platform that will allow for discussion of issues pertaining to the execution of American Airlines pilot duties between active members of the Association and other authorized participants."

11. The Line is a primary place in which union members meet and express views, arguments, and opinions.

12. Use of The Line requires each member, upon each log-in, to accept the terms of an adhesion Acceptable Use Policy (AUP), a true and correct copy of which is attached to this Complaint as **Exhibit 1** and incorporated by reference.

13. On February 26, 2025, Captain Miller published a post on The Line subforum "777 Systems and Training" titled "Studying 777 and ETOPS at the historic Grand Canyon airport" with the intent of communicating with other union members on subjects of common interest.

14. On March 11, 2025, without any prior notice or communication, APA attorney Jared Kelly informed Captain Miller that Vice President Chris Torres, acting as President's Designee, had imposed a 14-day suspension from The Line after deeming this post "off-topic." A true and correct copy of this email is attached here as **Exhibit 2** and incorporated by reference. Captain Miller was further placed on an indefinite probationary status, under which any future alleged violation would result in permanent removal.

15. APA's removal of Captain Miller's communication, suspension of Captain Miller without prior notice or mechanism of appeal, and placement of Captain Miller into indefinite probationary status with the threat of permanent removal from the union member discussion forum is an improper, arbitrary, and chilling act affecting all APA union members.

16. APA's conduct is not isolated, with a similarly situated plaintiff filing suit in this same district in 2025 documenting similarly arbitrary and chilling removals of union member communications without due process. *Mitchell Vasin v. Allied Pilots Association*, No. 4:25-cv-00880 (N.D. Tex. Aug. 15, 2025).

17. APA is further on notice of the LMRDA protections of union member speech and due process in relation to an APA online forum from the ruling in *Emery v. Allied Pilots Association,* in which the court found "The APA acknowledges that a union cannot impair a members's [sic] right of free speech merely because it disagrees with the content of that speech." *Emery v. Allied Pilots Ass'n*, 227 F. Supp. 3d 1292, 1302 (S.D. Fla. 2017).

18. The LMRDA's legislative history "reveals that Congress modeled Title I after the Bill of Rights, and that the legislators intended § 101 (a)(2) to restate a principal First Amendment value—the right to speak one's mind without fear of reprisal." *United Steelworkers of Am., AFL–CIO–CLC v. Sadlowski*, 457 U.S. 102, 111 (1982).

19. The LMRDA gives unions the right to provide reasonable rules limiting union member free speech in three situations: (1) for conducting union meetings; (2) for insuring individual responsibility to the union as an institution; and (3) for preventing any interference with the union's performance of its legal or contractual obligations.

20. Captain Miller's post did not contain any statements falling under any of these three categories, and APA did not provide evidence of or support for such an allegation.

21. Suspension from The Line and the imposition of indefinite probation constitute discipline under the LMRDA. Before imposing such discipline, APA was required to serve specific written charges, provide reasonable time to prepare a defense, and afford a full and fair hearing. APA undisputedly did none of these.

22. On August 25, 2025, APA's counsel represented that there is no basis or mechanism to expunge or remove the suspension.

23. After Captain Miller expressly invoked 29 U.S.C. § 411, APA ceased responding.

24. APA ignored a written demand Captain Miller sent directly to Vice President Torres on October 24, 2025.

25. APA ignored a written demand Captain Miller sent directly to Jared Kelly, attorney for the APA, on February 9, 2025.

26. Captain Miller now has no choice but to file suit to protect full access to the APA union member discussion forum, and to protect the right to participate in this forum without fear of threats, intimidation, retaliation, or reprisal.

**COUNT I**
**INFRINGEMENT UPON UNION MEMBER FREE SPEECH**
**IN VIOLATION OF 29 U.S.C. § 411(a)(2)**
**(February 26, 2025 post)**

27. Captain Miller realleges the allegations above as if fully set forth here.

28. On February 26, 2025, Miller made a post on The Line titled "Studying 777 and ETOPS at the historic Grand Canyon airport."

29. Shortly after this post was made, APA deleted it from The Line after an arbitrary determination by APA Vice President Chris Torres.

30. The deletion improperly interfered with Captain Miller's right to "express any views, arguments, or opinions" as provided by 29 U.S.C. § 411(a)(2).

31. The APA has therefore unlawfully infringed upon Captain Miller's right of free speech under 29 U.S.C. § 411(a)(2).

5

## COUNT II
## DISCIPLINE OF A UNION MEMBER WITHOUT DUE PROCESS
## IN VIOLATION OF 29 U.S.C. § 411(a)(5)

32. Captain Miller realleges the allegations above as if fully set forth here.

33. On March 11, 2025, APA suspended Captain Miller from participation in a union member internal forum and further placed him on an indefinite probationary status, under which any future alleged violation would result in permanent removal.

34. APA provided no written charges prior to the suspension or placement into indefinite probationary status.

35. APA provided no opportunity to prepare a defense prior to the suspension or placement into indefinite probationary status.

36. APA offered no hearing or appeal prior to the suspension or placement into indefinite probationary status.

37. APA's suspension of Captain Miller, and its decision to place him in indefinite probation, directly violates 29 U.S.C. § 411(a)(5).

## ATTORNEYS' FEES

Captain Miller seeks attorneys' fees and costs.

## CONDITIONS PRECEDENT

There are no internal remedies to exhaust prior to bringing this action.

## PRAYER FOR RELIEF

Captain Miller respectfully requests the Court enter judgment in his favor and for relief against Defendant Allied Pilots Association as follows:

    A.    A judgment that the AUP violates free speech and due process rights under the LMRDA;

    B.    A preliminary injunction to restore Captain Miller's post to The Line;

    C.    A preliminary injunction to remove Captain Miller's probationary status;

    D.    A permanent injunction to prevent further violations;

    E.    Attorneys' fees and costs; and

    F.    Such other and further relief as the Court deems just and proper.

Dated: March 12, 2026

Respectfully submitted,

**Scale LLP**

By: */s/ James H. Creedon*
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Tel. 415.735.5933
jcreedon@scalefirm.com
cwallace@scalefirm.com

**ATTORNEYS FOR PLAINTIFF
GARY MILLER**