**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |
|---|---|
| GARY MILLER,<br><br>    Plaintiff,<br><br>        v.<br><br>ALLIED PILOTS ASSOCIATION,<br><br>    Defendant. | Civil Action No. 4:26-cv-0302-O |

**JOINT REPORT REGARDING SCHEDULING ORDER**

Pursuant to the Court's Order of May 13, 2026 (ECF No. 20), Plaintiff Gary Miller ("Plaintiff" or "Miller"), and Defendant Allied Pilots Association ("Defendant" or "APA"), by and through their respective undersigned counsel, conferred via videoconference on May 22, 2026, and now provide the Court with this Joint Report.

**1. Brief Statement of Claims and Defenses**

<u>**Plaintiff's Claims:**</u>

Captain Gary Miller brings this action against Allied Pilots Association under Title I of the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 411 and 412. APA maintains and controls an internal member discussion forum known as "The Line," which functions as a principal forum for APA members to meet, assemble, exchange information, and express views, arguments, and opinions concerning union affairs, pilot duties, working conditions, and other matters affecting APA members.

On February 26, 2025, Captain Miller posted on The Line in the 777 Systems and Training forum regarding "Studying 777 and ETOPS at the historic Grand Canyon airport." This post concerned

aviation, Boeing 777 study, ETOPS regulations, and the shared professional experience of 777 pilots; was not obscene, threatening, harassing, unlawful, disruptive, or otherwise improper; and was comparable to other practical, travel, layover, crew-life, and aviation-related discussions that APA permitted to remain in the same forum. Nevertheless, APA deleted the post and, on March 11, 2025, imposed a 14-day suspension from The Line based on an arbitrary, selective, and inconsistently applied determination that the post was "off-topic."

Captain Miller asserts two claims. First, that APA infringed his union-member free-speech rights in violation of 29 U.S.C. § 411(a)(2) by deleting his post and suspending him from The Line under an undefined and selectively enforced "off-topic" rule, thereby interfering with his right to communicate with other APA members and chilling his and other members' participation in union-member discourse. Second, that APA disciplined him without due process in violation of 29 U.S.C. § 411(a)(5) by suspending him from a membership forum and placing him at continuing risk of immediate permanent suspension without first serving written specific charges, providing a reasonable time to prepare a defense, or affording a full and fair hearing.

Captain Miller seeks declaratory and injunctive relief, including declarations that APA's application of the Acceptable Use Policy violated 29 U.S.C. § 411(a)(2) and § 411(a)(5), restoration of the February 26, 2025 post, expungement or removal of the March 11, 2025 suspension and any related designation or consequence, an injunction prohibiting APA from imposing suspensions, permanent removals, or other discipline from The Line without the process required by the LMRDA, attorneys' fees and costs, and all other appropriate relief.

**Defendant's Defenses:**

Defendant APA asserts that Captain Miller fails to state a cognizable claim for relief under the LMRDA and has moved to dismiss his First Amended Complaint on that basis.

2

As to Captain Miller's free speech claim, APA asserts that the post at issue does not implicate any protected speech interests under the LMRDA because it pertained solely to Captain Miller's vacation travel and was entirely unrelated to the subject matter of the subforum in which it was posted. APA further asserts even if any such LMRDA free speech interests were at stake, the prohibition on off-topic posting pursuant to which Captain Miller's post was removed constitutes a reasonable union rule permissible under Section 411(a)(2).

As to Captain Miller's disciplinary due process claim, APA asserts that neither Captain Miller's temporary loss of access to The Line nor his ongoing obligation to adhere to the same generally applicable usage rules as other APA members going forward constitute discipline within the meaning of the LMRDA. APA further asserts that the Court lacks subject matter jurisdiction over Captain Miller's disciplinary due process claim because he fails to allege any concrete, ongoing injury resulting from his temporary loss of access to The Line, and because his allegations concerning the possible consequences of any future violations of generally applicable usage rules are entirely speculative and thus unripe.

### 2. Motions for Leave to Join Other Parties

The parties propose that motions for leave to join additional parties be filed by August 21, 2026.

### 3. Amended Pleadings

Plaintiff filed his First Amended Complaint on May 12, 2026. Defendant filed a renewed Motion to Dismiss Plaintiff's First Amended Complaint on May 26, 2026. Plaintiff does not currently anticipate further amendments to the complaint, but reserves the right to seek leave to amend if warranted by discovery or by any ruling on Defendant's renewed motion. The parties propose that any motions to amend pleadings be filed by August 21, 2026.

### 4. Dispositive Motion Deadline

The parties propose that dispositive motions be filed by April 9, 2027.

### 5.  Initial Designation of Experts

The parties propose that initial expert designations and expert reports be served by January 15, 2027.

### 6.  Responsive Designation of Experts

The parties propose that responsive expert designations and expert reports be served by February 12, 2027.

### 7.  Daubert/Motions to Exclude Experts

The parties propose that objections to experts, including Daubert and similar motions, be filed by March 26, 2027.

### 8.  Discovery Plan

The parties propose that discovery be conducted on all matters relevant and proportional to Plaintiff's claims and Defendant's defenses. Without conceding the relevance or proportionality of any specific item, the parties anticipate that the subjects on which they will seek discovery may include, but not be limited to: APA's administration and moderation of The Line; the Acceptable Use Policy and any related policies, procedures, standards, or guidance; the deletion of Plaintiff's February 26, 2025 post; the March 11, 2025 suspension; the process, if any, provided before or after that suspension; communications concerning Plaintiff's post, suspension, and requests for relief; APA's asserted defenses; damages, fees, and remedies; and any facts relevant to declaratory or injunctive relief.

The parties propose that fact discovery close on March 12, 2027, and that expert discovery also close on March 12, 2027. The parties do not currently propose that discovery be conducted in phases or limited to particular issues, but reserve the right to seek appropriate limitations or sequencing if warranted by the pleadings, the pending motion to dismiss, proportionality concerns, or further developments in the case.

**9.  Limitations on Discovery**

The limitations set forth in the Local Rules and Federal Rules of Civil Procedure appear adequate for this case.

**10. Means for Disclosure of Discovery/ESI**

The parties do not currently foresee any dispute regarding the disclosure of ESI but agree to revisit should the issue arise. The parties agree to make multiple efforts to confer and resolve any discovery disputes prior to filing any motion to compel.

**11. Proposals regarding the handling and protection of privileged or trial-preparation material**

The parties agree that if the need for a protective order arises they will confer in good faith on the matter before coming to the Court with a proposed order or motion.

**12. Proposed Trial Date/Estimated Number of Days for Trial/Jury Demand**

Plaintiff has demanded a jury trial. The parties anticipate the trial will take approximately three days and propose a trial date of August 9, 2027.

**13. Proposed Date for Further Settlement Negotiations**

The parties engaged in initial discussion of settlement prior to APA's original Motion to Dismiss (ECF No. 15), and anticipate that they would engage in further discussion in the event the case proceeds beyond the motion to dismiss stage following resolution of APA's renewed Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 21).

**14. Objections raised at the Rule 26(f) Conference**

There were no objections raised at the conference. The parties will exchange initial disclosures by June 17, 2026, unless otherwise agreed or ordered by the Court.

**15. Consent to Trial before a U.S. Magistrate Judge**

The parties do not consent to trial before U.S. Magistrate Judge.

**16. Mediation or Arbitration to Resolve this Litigation**

**Plaintiff's Position:**

Plaintiff is amenable to mediation and believes mediation would be most effective after resolution of Defendant's renewed Motion to Dismiss Plaintiff's First Amended Complaint or after the exchange of initial written discovery. Plaintiff does not believe arbitration is appropriate absent agreement of the parties. Plaintiff will confer with Defendant regarding a mutually agreeable mediator if mediation becomes appropriate.

**Defendant's Position:**

Defendant submits that because this case involves questions of law with respect to the Parties' obligations and rights under the LMRDA, neither arbitration nor mediation would be effective to achieve resolution of this case.

**17. Other Proposals Regarding Scheduling and Discovery**

The parties have agreed to serve and accept service of discovery and other materials not filed with the Court by and through lead counsels' e-mail address on file with the U.S. District Clerk's office and used for ECF/PACER filings.

**18. Conference with the Court**

The parties have identified no items that need addressing by the Court at this time.

**19. Any other Relevant Matters**

None at this time.

Dated: June 9, 2026                           Respectfully Submitted:

/s/ *James H. Creedon*                          /s/ *Ryan Griffin*
James H. Creedon                              RYAN GRIFFIN*
Texas Bar No. 24092299                        D.C. Bar No. 1007078
Charles A. Wallace                            DANIEL M. ROSENTHAL*
Texas Bar No. 24110501                        D.C Bar No. 1010473
5 Cowboys Way, Suite 300                      James & Hoffman, P.C.

6

Frisco, Texas 75034
Tel. 415.735.5933
jcreedon@scalefirm.com
cwallace@scalefirm.com

*Counsel for Plaintiff Gary Miller*

1629 K Street, NW, Suite 1050
Washington, DC 20006
Phone: 202-496-0500
Email: regriffin@jamhoff.com
Email: dmrosenthal@jamhoff.com

SANFORD R. DENISON
Tex. Bar No. 05655560
Baab & Denison, LLP
6301 Gaston Ave., Suite 1320
Dallas, TX 75214
Tel.: (214) 637-0750
Fax.: (214) 637-0730
Email: denison@baabdenison.com

*Counsel for Defendant Allied Pilots
Association ("APA")*

\* Admitted *Pro Hac Vice*